IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**ARNOLD B. CLARKE,**

    **Plaintiff,**

v.                                                **Civil Action No. 3:16cv126**

**COMMONWEALTH OF VIRGINIA,**

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on its April 14, 2016 Memorandum Order (the "Memorandum Order") and 28 U.S.C. § 1915(e)(2).[1] (ECF No. 2.) For the reasons stated below, the Court will dismiss Clarke's Amended Complaint (ECF No. 5) for failure to state a claim on which relief may be granted.[2] 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] 28 U.S.C. § 1915(e)(2) reads, in pertinent part:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:

    (A) the allegation of poverty is untrue; or

    (B) the action or appeal--

        (i) is frivolous or malicious;

        (ii) fails to state a claim on which relief may be granted; or

        (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

[2] In the Memorandum Order, the Court directed Clarke to file a particularized complaint not later than April 29, 2016, because Clarke's Complaint failed to state his claims in accordance with the Federal Rules of Civil Procedure. (ECF No. 2.) In the Memorandum Order, the Court

A.      **Preliminary Review**

Section 1915(e)(2) "'is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit.'" *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). The Court must *sua sponte* dismiss a claim filed *in forma pauperis* under Section 1915(e)(2) if the action is frivolous or malicious or fails to state a claim upon which relief may be granted. *Michau v. Charleston Cty, S.C.*, 434 F.3d 725, 728 (4th Cir. 2006); 28 U.S.C. § 1915(e)(2)(B). Although the word "prisoner" is occasionally used throughout 28 U.S.C. § 1915, the court must screen any complaint filed by a plaintiff, whether a prisoner or not, when he or she files *in forma pauperis*. See *Michau*, 434 F.3d at 728 (affirming the district court's dismissal of non-prisoner's complaint, filed *in forma pauperis*, pursuant to Section 1915(e)(2) because the section "governs [*in forma pauperis*] filings in addition to complaints filed by prisoners").

For the reasons discussed below, the Court finds that the Amended Complaint fails to state a claim upon which relief may be granted. The Court will dismiss Clarke's Amended Complaint without prejudice.

---

explicitly warned Clarke that "[t]he failure to strictly comply with the requirements set forth [in the Memorandum Order] will result in dismissal of the action without prejudice." (Apr. 14, 2016 Mem. O. at 3 (citing Fed. R. Civ. P. 41(b)[2]).)
   On April 20, 2016, Clarke filed his Amended Complaint. (ECF No. 5.) Clarke's Amended Complaint failed to comply with the Memorandum Order in numerous ways. For example, it did not "clearly identify each federal or state law allegedly violated" or "list each defendant purportedly liable under that legal theory and explain why he believes each defendant is liable to him." (Apr. 14, 2016 Mem. O. at 3.) The Court could dismiss Clarke's Amended Complaint for his failure to comply with the Memorandum Order. *See* Fed. R. Civ. P. 41(b). Nonetheless, in the interest of justice, the Court will give Clarke's Amended Complaint full consideration under Section 1915(e)(2).

2

B.  **Standard of Review**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (omission in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). A plaintiff must assert not just speculative or conceivable facts, but facts that state a plausible claim on the face of a complaint. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*,

3

324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)).

District courts have a duty to construe *pro se* pleadings liberally. *Bracey v. Buchanan*, 55 F. Supp. 2d 416, 421 (E.D. Va. 1999). S *pro se* plaintiff must nevertheless allege a cause of action. *Id.* (citing *Sado v. Leland Mem'l Hosp.*, 933 F. Supp. 490, 493 (D. Md. 1996). The Court cannot act as a *pro se* litigant's "advocate and develop, *sua sponte*, statutory and constitutional claims" that the litigant failed to raise on the face of the complaint. *Newkirk v. Circuit Court of Hampton*, No. 3:14cv372, 2014 WL 4072212, at *1 (E.D. Va. Aug. 14, 2014).

C. **Factual Allegations**

Clarke's Amended Complaint seeks "900 billion dollars" for the "withholding and hiding of money owed to [Clarke] for over 40 years." (Am. Compl. 3.) Clarke appears to have had contracts with an unknown party dating from 1972, when he began working at E.I. DuPont following high school graduation. (*Id.*) In 1976, Clarke was incarcerated and ordered to pay an unknown amount of restitution by a judge in Henrico County, Virginia. (*Id.*) In the ensuing years, as a result of the restitution obtained by the Commonwealth, Clarke alleges that he has been "harassed, slandered, shot by family member [sic], incarcerated for asking lawyers . . . about his money, . . . [and] threaten [sic] with bodily harm." (*Id.* at 4.)

D. **Analysis**

Clarke's complaint contains deficiencies well beyond any plausibility analysis this Court must undertake. While Clarke vaguely alleges that he was a party to some contracts, he does not specify the terms of the contracts, the other parties to the contracts, or how such contracts were breached. Further, although he alleges that he has suffered a number of common law torts, including slander, assault, and battery, he does not state the person who committed such acts.

4

Therefore, his Complaint fails to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citation omitted). Even construing this *pro se* Amended Complaint liberally, Clarke has failed to state a claim upon which relief may be granted, and this Court must dismiss the Amended Complaint. 28 U.S.C. § 1915(e)(2).

D.  **Conclusion**

For the foregoing reasons, the Court dismisses the Amended Complaint without prejudice. (ECF No. 5.)

An appropriate Order will follow.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 6-3-16